**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| DAVID RICARDO STEWART, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | 1:11CR156-2<br>1:14CV657 |

**MEMORANDUM OPINION AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion Letter Requesting Permission to Supplement § 2255 Motion to Vacate, Set Aside, or Correct Sentence pursuant to Fed. R. Civ. P. 15(d) (Docket Entry 113).[1] For the reasons that follow, the Court should deny the instant Motion.

I. BACKGROUND

The Court (per then-Chief United States District Judge James A. Beaty, Jr.) entered a Judgment sentencing Petitioner, inter alia, to consecutive prison terms of 276 and 84 months, after a jury found him guilty of attempted interference in commerce by robbery in violation of 18 U.S.C. § 1951(a) (the "Hobbs Act") and using/carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Docket Entry 59; see also Docket Entry 1 (Indictment); Docket Entry 47

---

[1] Parenthetical citations refer to Petitioner's criminal case.

(Verdict); Docket Entry 79 (Sent'g Hrg. Tr.).)[2] After the United States Court of Appeals for the Fourth Circuit affirmed, United States v. Barbee, 524 F. App'x 15 (4th Cir. 2013), Petitioner filed a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence ("Section 2255 Motion") (Docket Entry 103), as well as a subsequent letter motion asking for permission to present additional claims (Docket Entry 110). The undersigned Magistrate Judge recommended that the Court deny Petitioner's Section 2255 Motion and that letter motion. (Docket Entry 111.) Petitioner thereafter filed his instant Motion, seeking leave to attack his career offender designation under U.S.S.G. § 4B1.1, based on Johnson v. United States, ___ U.S. ___, 135 S. Ct. 2551 (2015) (invalidating the residual clause of the "violent felony" definition in 18 U.S.C. § 924(e)(2)(B)(ii)), and to assert "another claim challenging the ambiguity of § 924(c) and the Hobbs Act Crime." (Docket Entry 113 at 1-2.)

## II. DISCUSSION

Despite the invocation of Federal Rule of Civil Procedure 15(d) and the use of the word "Supplement" in the title of the instant Motion, Petitioner, in fact, does <u>not</u> wish to file a supplemental pleading, because (as described in Section I) he does <u>not</u> propose to "set[] out any transaction, occurrence, or event

---

[2] Both counts of the Indictment put Petitioner on notice of the applicability of aiding and abetting liability under 18 U.S.C. § 2. (See Docket Entry 1 at 2.)

2

that happened <u>after</u> the date of the pleading to be supplemented," Fed. R. Civ. P. 15(d) (emphasis added); <u>see also</u> <u>United States v. Hicks</u>, 283 F.3d 380, 385-86 (D.C. Cir. 2002) ("[G]iven that none of the factual occurrences set forth in [the proffered supplemental pleading] . . . took place after [the petitioner] filed his initial § 2255 application, we hold that Rule 15(d) is not implicated."); <u>United States v. Sperow</u>, Nos. 1:12CV158-BLW, 1:06CR126-BLW, 2015 WL 1467198, at *5 (D. Idaho Mar. 30, 2015) (unpublished) (observing that Federal Rule of Civil Procedure 15(d) "does not apply to intervening judicial decisions" (citing <u>Hicks</u>)), <u>certificate of appealability denied</u>, slip op., No. 15-35306 (9th Cir. July 9, 2015); instead, Petitioner seeks to add new claims concerning the same events addressed in his Section 2255 Motion (i.e., the Court's allegedly unlawful adjudication of guilt, imposition of sentence, and entry of judgment). (<u>See</u> Docket Entry 113.) The instant Motion thus constitutes a motion to amend under Federal Rule of Civil Procedure 15(a), which here requires leave of court (as more than 21 days have passed since the United States made its responsive filing and the United States has not consented in writing). The Court should deny as futile Petitioner's attempt to add the two claims identified in his instant Motion, because each fails as a matter of law. <u>See generally</u> <u>United States v. Pittman</u>, 209 F.3d 314, 317 (4th Cir. 2000) (ruling that "futility of amendment" warrants denial of amendment in Section 2255 context).

3

A. *Johnson*-Based Attack on Career Offender Designation

Petitioner contends that the Supreme Court's recent ruling in Johnson invalidates his designation as a career offender. (See Docket Entry 113 at 1-2.) "A defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a) (emphasis added); see also U.S.S.G. § 4B1.2(a) (defining "crime of violence" for purposes of Section 4B1.1(a)). Without objection by Petitioner, the Court (per then-Chief Judge Beaty) adopted the material factual findings and guideline applications in Petitioner's PSR, including his designation as a career offender (which relied on the fact that his Hobbs Act robbery offense qualified as a felony crime of violence, as well as the fact that his consolidated residential breaking and entering conviction(s) in 2009 and his robbery with a dangerous weapon conviction in 2005 qualified as prior felony crimes of violence. (See Docket Entry 79 at 21-23; Docket Entry 107-3, ¶¶ 19, 26, 31, 32, 62.)

Petitioner's Johnson-based attack on his career offender status falls short on two fronts. First, it does not meet the cognizability standard for collateral claims. "The language of

4

§ 2255 makes clear that not every alleged sentencing error can be corrected on collateral review. The Supreme Court has instructed that only those errors presenting a fundamental defect which inherently results in a complete miscarriage of justice are cognizable." United States v. Foote, 784 F.3d 931, 932 (4th Cir.) (internal quotation marks omitted), cert. denied, ___ U.S. ___, 135 S. Ct. 2850 (2015). In this case, the Court (per then-Chief Judge Beaty) "sentenced [Petitioner] within the statutory limits, and while the career offender designation may have affected the ultimate sentence imposed, it did not affect the lawfulness of the sentence itself — then or now. Therefore, [the Court is] simply not presented with exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent." Id. at 943 (internal brackets, citation, and quotation marks omitted); see also id. at 940 ("[The a]ppellant's career offender designation was not a fundamental defect that inherently results in a complete miscarriage of justice."), 941 ("[T]o the extent [the a]ppellant argues that he is 'actually innocent' of being a career offender, the Supreme Court has yet to stretch [the] concept [of sentence enhancement innocence] to non-capital sentencing, and we will not do so here.").

Second, even if Petitioner's challenge to his career offender designation constituted a claim cognizable on collateral review, it would fail as a matter of law because:

5

> [t]he Supreme Court's decision in *Johnson* — in which the Supreme Court struck down, as unconstitutionally vague, the residual clause of the Armed Career Criminal Act ("ACCA")[, 18 U.S.C. § 924(e)(2)(B)(ii)] — does *not* control this [case]. [Petitioner] was sentenced as a career offender [under U.S.S.G. § 4B1.1] based not on the ACCA's residual clause, but based on express language in the Sentencing Guidelines classifying [his current offense and two of his prior convictions as] "crime[s] of violence." *Johnson* says and decided nothing about career-offender enhancements under the Sentencing Guidelines or about the Guidelines commentary underlying [Petitioner's] status as a career offender.

Beckles v. United States, 616 F. App'x 415, 416 (11th Cir. 2015) (emphasis omitted); see also U.S.S.G. § 4B1.2, cmt. (n.1) ("'Crime of violence' include[s] . . . attempting to . . . commit [a 'crime of violence']. 'Crime of violence' includes . . . robbery . . . and burglary of a dwelling."); United States v. McConnell, 149 F. App'x 183, 184 (4th Cir. 2005) ("The prior convictions at issue were for kidnapping and common law robbery. Both are listed in the guidelines as 'crimes of violence.' USSG § 4B1.2, comment. (n.1). Thus, any claim that [those] convictions were not for crimes of violence is meritless." (internal brackets omitted)).[3]

---

[3] Nor, even if <u>Johnson</u> effectively invalidated the residual clause of the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(B), could Petitioner contest his Section 924(c) conviction (and the related application of U.S.S.G. § 4B1.1(c)(3)), because his "Hobbs Act robbery [offense] qualifies as a crime of violence under [the force clause of] 18 U.S.C. § 924(c)(3)(A)." United States v. Hunter, No. 2:12CR124, 2015 WL 6443084, at *2 (E.D. Va. Oct. 22, 2015) (unpublished); accord United States v. Merinord, No. 5:15CR136, 2015 WL 6457166, at *5 (E.D.N.C. Oct. 26, 2015) (unpublished); United States v. Redmond, No. 3:14CR226MOC, 2015 WL 5999317, at *4 (W.D.N.C. Oct. 13, 2015) (unpublished).

In sum, the Court should deny on grounds of futility Petitioner's request for leave to mount a <u>Johnson</u>-based attack on his designation as a career offender.

B. <u>Vagueness Challenge to Hobbs Act and Section 924(c)</u>

The Court similarly should reject as futile Petitioner's proposal to add a "claim challenging the ambiguity of § 924(c) and the Hobbs Act Crime" (Docket Entry 113 at 1), because that claim lacks merit. <u>See</u> <u>United States v. Culbert</u>, 435 U.S. 371, 377-79 (1978) ("The bill that eventually became the Hobbs Act . . . substituted specific prohibitions against robbery and extortion for the Anit-Racketeering Act's language relating to the use of force or threats of force. . . . [M]any Congressmen praised the bill because it set out with more precision the conduct that was being made criminal. As Representative Hobbs noted, the words robbery and extortion have been construed a thousand times by the courts. Everybody knows what they mean. . . . Congress has conveyed its purpose clearly, and we decline to manufacture ambiguity where none exists." (internal quotation marks omitted)); <u>United States v. Luskin</u>, 926 F.2d 372, 376 (4th Cir. 1991) ("There is no ambiguity in section 924(c). It states that whenever a person commits a crime of violence or drug trafficking crime and carries a gun, the person shall be sentenced to a prison term that runs consecutive to the person's sentence for the underlying crime of violence or drug trafficking crime and consecutive to all other sentences." (italics

7

omitted)); see also Nye & Nissen v. United States, 336 U.S. 613, 618 (1949) (describing aiding and abetting liability as a "theory [that] is well engrained in the law"); United States v. Hungerford, 465 F3d 1113, 1118 (9th Cir. 2006) ("[The] terms [of Section 924(c)] are readily understandable. . . . A plain reading of the statute reveals no ambiguity . . . ."); United States v. Rodriguez, 360 F.3d 949, 954 (9th Cir. 2004) ("We find that section 1951's definition of commerce is well-established and therefore not unconstitutionally vague."); United States v. Munoz, No. 94-50001, 37 F.3d 632 (table), 1994 WL 559069, at *2 (5th Cir. Sept. 23, 1994) (unpublished) (reiterating, in convenience store robbery case, "that the Hobbs Act is not unconstitutionally vague"); United States v. Morrow, 977 F.2d 222, 227 (6th Cir. 1992) ("The phrase 'in relation to' [in Section 924(c)] is neither uncommon nor ambiguous . . . ."); United States v. Pettit, No. 89-50582, 933 F.2d 1017 (table), 1991 WL 83902, at *1 n.1 (9th Cir. May 22, 1991) (unpublished) ("[The defendant] argued . . . § 924(c) was void for vagueness because reasonable men and women would have to guess at the meaning of the phrases . . . 'during and in relation to' . . . [and] 'uses or carries a firearm' . . . . Ample precedent satisfies us . . . that the statute is not unconstitutionally vague." (italics omitted)); United States v. Rose, No. 3:04CR67, 2009 WL 2412401, at *6 (N.D.N.Y. Aug. 3, 2009) (unpublished) ("[Section 924(c)'s] terms are readily understandable").

## III. CONCLUSION

Petitioner's proffered new claims fail as a matter of law.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion Letter Requesting Permission to Supplement § 2255 Motion to Vacate, Set Aside, or Correct Sentence pursuant to Fed. R. Civ. P. 15(d) (Docket Entry 113) be denied without a certificate of appealability.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**
December 14, 2015